UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER, #593090,

        Plaintiff,

                                              CASE NO. 2:12-CV-14321
v.                                         HONORABLE NANCY G. EDMUNDS

LINDA HAASE, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT,
DENYING THE MOTION FOR APPOINTMENT OF COUNSEL AND SERVICE,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. INTRODUCTION**

Michigan prisoner Bruce Parker ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants, medical personnel and administrators at the G. Robert Cotton Correctional Facility in Jackson, Michigan, failed to provide him with proper medical care for asthma and back problems, including the refusal to provide him with a fan and bottom bunk detail, in July and August, 2012. He sues the defendants in their personal and official capacities and seeks monetary damages. Plaintiff has also filed a motion for appointment of counsel and for service. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

**II. DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to

*sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, Plaintiff alleges that the defendants denied him proper medical care in violation of his Eighth and Fourteenth Amendment rights. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff, however, has made no such showing. He admits that he received medical attention for his asthma and back problems and the medical records show that he received treatment for both conditions, including an Albuterol inhaler and pain medication. He alleges no facts to show that the defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical treatment. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*,

523 U.S. 574, 588 (1998). While Plaintiff may disagree with the course of treatment provided, he has not alleged facts or presented documentation to show that the defendants acted unconstitutionally.

Furthermore, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983.

Moreover, Plaintiff has also failed to state a claim upon which relief may be granted as to defendants Hense, Wilson, Kinder, Faling, Hamblin, and Jones because he not alleged facts demonstrating their personal involvement in any improper medical care. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983 or *Bivens*. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so.

Plaintiff's assertions that the foregoing defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying his grievance,

and/or did not sufficiently respond to the situation is insufficient to state a civil rights claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff has also not alleged facts which show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Plaintiff has thus failed to state a claim upon which relief may be granted as to defendants Hense, Wilson, Kinder, Faling, Hamblin, and Jones for this additional reason. His complaint must be dismissed.

### III. CONCLUSION

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel and for service. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2012, by electronic and/or ordinary mail.

                                             s/Carol A. Hemeyer
                                             Case Manager